## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Juan Paublo Alvarado-Ortiz, | Case No. 22-cv-206 (NEB/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| FPC Yankton, | |
| Respondent. | |

This matter is before the Court on pro se Plaintiff Juan Paublo Alvarado-Oritz's[1] ("Petitioner" or "Alvarado-Oritz") Petition for Writ of Habeas Corpus Under 28 U.S.C § 2241 ("Petition") (Dkt. 1). The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court recommends that the Petition be dismissed as moot.

## I. BACKGROUND

Alvarado-Oritz alleged in the Petition that he completed various programs while incarcerated at FPC Yankton which earned him time credits under the First Step Act ("FSA"), but that his time credits were not applied as of the time he was released to home

---

[1] Petitioner's surname is incorrectly spelled on the docket as Alvarado-Ortiz. (*See* Dkt. 1 (stating his full name as Juan Paublo Alvarado-Oritz); *see also* Dkt. 4 ("The ECF docket has Petitioner's surname incorrectly spelled as Alvarado-Ortiz. The correct spelling is Alvarado-Oritz.").)

confinement via the Coronavirus Aid, Relief, and Economic Security Act on October 23, 2020.  (Dkt. 1 at 1-7.)[2]  Alvarado-Oritz requests that his FSA earned time credits be applied towards his release date.  (*Id.* at 7.)

On February 23, 2022, Respondent FPC Yankton ("Respondent") filed a response to the Petition wherein it states that Alvarado-Oritz was "released from BOP custody on February 22, 2022, via an early release under 18 U.S.C. § 3621(e) for his successful completion of the Residential Drug Abuse Program ('RDAP') and after the application of approximately 345 days of FSA time credits."  (Dkt. 4 (citing Dkt. 5 ¶ 4 (Declaration of Shannon Boldt, employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP") as a Paralegal Specialist for the Consolidated Legal Center for Minnesota)).)

## II.   DISCUSSION

Respondent argues that the Petition should be dismissed because Alvarado-Oritz's FSA earned time credit has been applied and as a result, he was released from BOP custody on February 22, 2022, making Alvarado-Oritz's request moot.  (Dkt. 4.)

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies."  *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000), citing U.S. Const. art. III, § 2, cl. 1).  "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a

---

[2]   All page number citations are to the CM/ECF pagination unless otherwise noted.

2

federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Haden*, 212 F.3d at 469). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.* ("*In re Search Warrants*"), 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469).

This case became moot when Alvarado-Oritz was released from custody because the Court "can no longer grant effective relief" since he is no longer in BOP custody. *See Ali*, 419 F.3d at 723. Accordingly, the Court should not address the merits of Alvarado-Oritz's case because any such opinion would be merely advisory. *See In re Search Warrants*, 487 F.3d at 1192.

That said, a court should not dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, Case No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R.&R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of those mootness exceptions apply here. First, there is no evidence of any cognizable collateral consequences that resulted from Alvarado-Oritz not being released as early as he believed he should have been or related to his requested release. *See*

3

*Scheper v. Rios,* Case No. 19-cv-402 (MJD/ECW), 2020 WL 4060729, at *3 (D. Minn. June 5, 2020), *R. & R. adopted*, 2020 WL 4059875 (D. Minn. July 20, 2020).

As to "a wrong capable of repetition yet evading review," that "exception applies if the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that [Petitioner] will be subjected to the same action again." *In re Search Warrants*, 487 F.3d at 1193. Here, there is nothing remaining to litigate in this case, and there is no indication that Petitioner will be held in federal custody again. *See Ahmed*, 2017 WL 3267738, at *3.

In regard to the exception for when the "voluntary cessation of illegal conduct can be resumed", further detention is unlikely because Alvarado-Oritz has been granted an early release under 18 U.S.C. § 3621(e) for his successful completion of the RDAP and is no longer in BOP custody. (*See* Dkt. 5-1 at 1-3 (Inmate Data showing Alvarado-Oritz was released on February 22, 2022); *see also* Dkt. 5 ¶ 4.) Nevertheless, even assuming Alvarado-Oritz was brought back into BOP custody, it would be under a new set of circumstances and facts and, consequently, "impossible for the government to repeat the *same* unlawful conduct that [Petitioner] challenged." *See Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016). In any event, Alvarado-Oritz would have the ability to bring a new habeas petition under a new set of facts and circumstances should he be returned to BOP custody.

Finally, the Petition was brought on behalf of the individual Petitioner, not on behalf of a class of individuals. *See Ahmed*, 2017 WL 3267738, at *3. Accordingly, the Court recommends dismissal of the Petition as moot

4

### III.   RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:**

1. Petitioner Juan Paublo Alvarado-Oritz's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) be **DENIED AS MOOT**.

2. This case be **DISMISSED WITH PREJUDICE.**


Dated: July 27, 2022                              *s/Elizabeth Cowan Wright*
                                                  ELIZABETH COWAN WRIGHT
                                                  United States Magistrate Judge


### NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).